# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESEE

| | |
|---|---|
| 4BUSH WEAPONS REFINISHING SYSTEMS LLC, ) ) | |
| ) | Case No. |
| Plaintiff, ) ) | |
| vs. ) ) | |
| THE TACTICAL EDGE, LLC, ) ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff 4Bush Weapons Refinishing Systems LLC ("4Bush"), by and through counsel, and for its Complaint against The Tactical Edge, LLC ("Defendant") states as follows:

### Parties, Venue, and Jurisdiction

1. 4Bush is a Missouri limited liability company with its principal place of business in Jefferson County, Missouri.

2. Defendant is a Tennessee limited liability company with its principal place of business in Clarksville, Tennessee.

3. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(l) as this matter is between citizens of different states and the amount in controversy exceeds the value of $75,000.

4. Venue is proper in the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b) because the Defendant conducted business with 4Bush in Montgomery County, Tennessee.

## Facts Common to All Counts

5. On or about March 12, 2021, 4Bush and Defendant entered into an agreement whereby Defendant agreed to sell and deliver 1,400 firearm lower receivers at a rate of $50.00 per receiver, for a total of $70,000.00.

6. While the parties initially agreed that 4Bush would pay half of the amount due up front and the remaining balance when the receivers ship, in June 2021, before 4Bush received any receivers from Defendant, Defendant demanded that 4Bush pay the entire balance of the agreement, $70,000.00. Defendant represented that it would not manufacture any receivers for 4Bush without such payment.

7. In response, 4Bush paid Defendant the total sum of $70,000.00 and further complied with all of the terms of the agreement.

8. Despite receiving full authority and payment to manufacture the subject receivers, after more than fifteen months since entering into the agreement, Defendant has only shipped 295 receivers to 4Bush.

9. Out of the 295 shipped, 78 of the receivers Defendant shipped to 4Bush are fatally defective in that the hole that the pistol grip attaches to is misaligned, rendering them worthless.

10. 4Bush incurred labor and laser engraving expenses in connection with the fatally defective receivers in excess of $6,950.00 before discovering that the hole that the pistol grip attaches to is misaligned.

11. Another 193 of the receivers of the 295 Defendant shipped appear to 4Bush to have curable defects, including but not limited to issues with the magazine hole and catch button.

12. 4Bush already has incurred labor and material expenses of $750.00 curing the defects in a portion of the receivers, and will incur in excess of $2,400.00 to cure the defects in the

remaining curable defective receivers, for a total of $3,150.00.

13. 4Bush's damages were foreseeable to Defendant because at or before the time of entering into the parties' agreement, Defendant knew or had reason to know that 4Bush intended to resell the receiver components as a finished, custom receiver to 4Bush's customers at a corresponding retail price

14. Further, Defendant's failure to perform the parties' agreement and other breaches have caused 4Bush to sustain damages, including but not limited to its calculated lost profits that it would have received in connection with reselling the subject receivers to its customers, an amount that exceeds $70,070.00.

## COUNT I: BREACH OF CONTRACT

15. 4Bush incorporates by this reference paragraphs 1 through 14 of this Complaint as if fully restated herein.

16. The agreement whereby Defendant agreed to sell and deliver to 4Bush 1,400 firearm lower receivers at a rate of $50.00 per receiver, for a total of $70,000.00 is a valid contract.

17. 4Bush fully performed all of its obligations within the contract and paid Defendant a total of $70,000.00.

18. Pursuant to Section 47-2-309(1) of the Tennessee Uniform Commercial Code, if a contract for the sale of goods does not provide a time period for shipment or delivery, there is an implied contract term that such shipment or delivery shall be within a reasonable time.

19. Defendant has failed to deliver 1,400 receivers to 4Bush within a reasonable time and has materially breached the contract by only shipping 295 receivers to 4Bush after more than fifteen months have passed since entering into the agreement.

20. Further, Defendant materially breached the contract when 271 out of the 295

receivers delivered suffered from either a fatal or curable defect.

21. 4Bush incurred labor and laser engraving expenses on and for the 78 fatally defective receivers in excess of $6,950.00 before discovering that the hole that the pistol grip attaches to is misaligned.

22. 4Bush additionally incurred and will incur labor and material expenses in excess of $3,150.00 repairing the defective magazine hole and catch button in the other 193 defective receivers.

23. As a result of Defendant's breach, 4Bush was: (1) unable to sell the 78 fatally defective receivers; and (2) has been unable to sell the remaining 1,104 undelivered receivers. 4Bush has sold 52 of the receivers at a reduced market price due to Defendant's delay and at a reduced profit due to the costs incurred to repair defects.

24. As a result of the foregoing, 4Bush has suffered damages in lost profits in the amount of $70,070.00, and consequential and incidental damages in the amount of $10,100.00, which are reasonable and were foreseeable by Defendant.

WHEREFORE, Plaintiff 4Bush Weapons Refinishing Systems LLC prays for a Judgment against Defendant for compensatory damages in an amount to be determined at trial, as well as attorney's fees and costs, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II: BREACH OF CONTRACT
## (in the alternative)

25. 4Bush incorporates by this reference paragraphs 1 through 14 of this Complaint as if fully restated herein.

26. The parties established several delivery schedules that Defendant failed to perform.

27. 4Bush fully performed all of its obligations by paying Defendant a total of $70,000.00 for the receivers.

28. Defendant failed to deliver the receivers to 4Bush pursuant to the agreed- upon delivery schedules in breach of these agreements.

29. Further, Defendant materially breached the contract when 271 out of the 295 receivers delivered suffered from either a fatal or curable defect.

30. 4Bush incurred labor and laser engraving expenses on and for the 78 fatally defective receivers in excess of $6,950.00 before discovering that the hole that the pistol grip attaches to is misaligned.

31. 4Bush additionally incurred and will incur labor and material expenses in excess of $3,150.00 repairing the defective magazine hole and catch button in the other 193 defective receivers.

32. As a result of Defendant's breach, 4Bush was: (1) unable to sell the 78 fatally defective receivers; and (2) has been unable to sell the remaining 1,104 undelivered receivers. 4Bush has sold 52 of the receivers at a reduced market price due to Defendant's delay and at a reduced profit due to the costs incurred to repair defects.

33. As a result of the foregoing, 4Bush has suffered damages in lost profits in the amount of $70,070.00, and consequential and incidental damages in the amount of $10,100.00, which are reasonable and were foreseeable by Defendant.

WHEREFORE, Plaintiff 4Bush Weapons Refinishing Systems LLC prays for a Judgment against Defendant for compensatory damages in an amount to be determined at trial, as well as attorney's fees and costs, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT III: BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY PURSUANT TO TENN. CODE § 47-2-314

34. 4Bush incorporates by this reference paragraphs 1 through 14 of this Complaint as if fully restated herein.

35. Defendant is a "merchant" as defined by the Tennessee Uniform Commercial Code Section 47-2-104(1).

36. The lower receivers are "goods" as defined by the Tennessee Uniform Commercial Code Section 47-2-105(1).

37. Defendant sold 4Bush 271 lower receivers which were not merchantable at the time of the sale because 78 contained a fatal defect in that the hole that the pistol grip attaches to is misaligned, rendering them worthless, and 193 contain curable defects, including but not limited to issues with the magazine hole and catch button.

38. The 271 defective receivers:

   (a) would not pass without objection in the trade;

   (b) are not of fair average quality;

   (c) are not fit for the ordinary purposes for which such goods are used; and

   (d) will not operate, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved.

39. As a result of the foregoing, 4Bush has suffered actual damages in the amount of $13,550.00 and consequential and incidental damages in the amount of $6,950.00 for labor and laser engraving the fatally defective receivers before discovering that they were defective, and $3,150.00 for labor and material expenses that will be incurred to cure the defective 193 receivers.

40. The damages 4Bush has suffered are commercially reasonable and were foreseeable by Defendant.

41. On November 11, 2021, 4Bush notified Defendant that 193 of the receivers were defective, to which 4Bush received no response.

WHEREFORE, Plaintiff 4Bush Weapons Refinishing Systems LLC prays for a Judgment against Defendant for compensatory damages in an amount to be determined at trial, as well as attorney's fees and costs, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT IV: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE PURSUANT TO TENN. CODE § 47-2-315

42. 4Bush incorporates by this reference paragraphs 1 through 14 of this Complaint as if fully restated herein.

43. Defendant is a "merchant" as defined by the Tennessee Uniform Commercial Code Section 47-2-104(1).

44. The lower receivers are "goods" as defined by the Tennessee Uniform Commercial Code Section 47-2-105(1).

45. At the time of contracting, Defendant had reason to know that the lower receivers were ordered by 4Bush for the particular purpose of building and/or refinishing custom firearms.

46. 4Bush relied on Defendant's skill and judgment to furnish goods to fit this particular purpose.

47. 78 of the 295 lower receivers Defendant shipped to 4Bush were not fit for this particular purpose because the hole that the pistol grip attaches to is misaligned, rendering them worthless.

48. 193 of the 295 lower receivers Defendant shipped to 4Bush were not fit for this particular purpose because they contain curable defects, including but not limited to issues with the magazine hole and catch button.

49. As a result of the foregoing, 4Bush has suffered actual damages in the amount of $13,550.00 and consequential and incidental damages in the amount of $6,950.00 for labor and laser engraving the 78 fatally defective receivers before discovering that they were defective, and $3,150.00 for labor and material expenses that will be incurred to cure the defective 193 receivers.

50. The damages 4Bush has suffered are commercially reasonable and were foreseeable by Defendant.

51. On November 11, 2021, 4Bush notified Defendant that 271 of the receivers were defective, to which 4Bush received no response.

WHEREFORE, Plaintiff 4Bush Weapons Refinishing Systems LLC prays for a Judgment against Defendant for compensatory damages in an amount to be determined at trial, as well as attorney's fees and costs, and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT V: RESCISSION OF CONTRACT
### (in the alternative)

52. 4Bush incorporates by this reference paragraphs 1 through 14 of this Complaint as if fully restated herein.

53. The agreement between 4Bush and Defendant in which Defendant agreed to sell and deliver to 4Bush 1,400 firearm lower receivers for a total of $70,000.00 was completely formed and in force.

54. There is an equitable ground for relief by rescission of the agreement because although more than fifteen months have passed since entering into the agreement, Defendant has only shipped 217 working or curably defective receivers out of the 1400 receivers it agreed to deliver to 4Bush, and has materially breached its agreement with 4Bush.

55. 4Bush has agreed to allow Defendant to retain $4,650.00 of the $70,000.00 4Bush

has paid to Defendant, which is the value of the 295 receivers it has received at the agreed upon rate of $50.00 per receiver, less $6,950.00 for the 78 fatally defective receivers and $750.00 for the labor incurred curing the defect in 20 receivers, and $2,400.00 in labor that will be incurred in remedying the defects in the remaining units (including consequential and incidental damages).

56. 4Bush has promptly made demand upon Defendant to rescind the agreement based on Defendant's failure to deliver the agreed upon number of receivers and to refund 4Bush the amount of $65,350.00, the value of the receivers that Plaintiff 4Bush Weapons Refinishing Systems LLC has paid for, but not received as of November 2021, less the amount of the value of the 78 fatally defective receivers, the 20 repaired receivers, and the remaining 173 curably defective receivers (including consequential and incidental damages), but has not received any response from Defendant.

WHEREFORE, Plaintiff 4Bush Weapons Refinishing Systems LLC prays for a Judgment against Defendant for compensatory damages in an amount to be determined at trial, as well as attorney's fees and costs, and for such other and further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,

s/ Salvador M. Hernandez
Salvador M. Hernandez (20121)
Carson W. King (34305)
RILEY & JACOBSON, PLC
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700 (telephone)
(615) 320-3737 (facsimile)
shernandez@rjfirm.com
cking@rjfirm.com

*Counsel for Plaintiff*